UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES PETTIS,

    Plaintiff,

v.                                                                                  Case No. 3:21cv1655-MCR-HTC

SERGEANT J. K. SMITH,
SECRETARY OF FLORIDA,
DEPARTMENT OF CORRECTIONS,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff, James Pettis, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a complaint asserting claims under 42 U.S.C. § 1983, ECF Doc. 1, which he subsequently amended, ECF Doc. 7. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon screening the amended complaint, pursuant to 28 U.S.C. § 1915(e)(2), the

undersigned recommends Plaintiff's claims be DISMISSED because his claims are barred by the applicable statute of limitations.[1]

## I. THE AMENDED COMPLAINT

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Mayo Correctional Institution. ECF Doc. 7 at 2. He brings this action against Sergeant J.K. Smith and the Secretary of the FDOC based on an attack by another inmate while he was in custody at the Century Correctional Institution.

The following facts are taken from both Plaintiff's complaint and amended complaint and are accepted as true for purposes of this order. On February 4, 2017 at around 1:30p.m., while Plaintiff was lounging in his dorm, he was stabbed by another inmate with a "home-made knife." ECF Docs. 1 at 5, 7 at 5. Because Plaintiff was ambushed from behind, he was "unable to defend [him]self." ECF Doc. 1 at 5. Plaintiff "fell and attempted to prevent the attack . . . by grasping at the weapon wielding attacker." *Id.* The attacker yelled "'I'm going to kill you.'" *Id.*

During the attack, there was an "officer in the officer station observing the stabbing." ECF Doc. 7 at 5. The officer "appeared to have frozen up" and "made

---

[1] Although the undersigned also finds the allegations to be deficient in several ways, including for failing to state a claim for municipal liability or supervisory liability against the Defendants, because the claims are barred by the statute of limitations, the undersigned does not find it necessary to address those deficiencies or to allow Plaintiff an opportunity to file an amended complaint to cure those deficiencies.

Case No. 3:21cv1655-MCR-HTC

no effort to intervene nor did he attempt to notify other correctional officers." ECF Doc. 1 at 5. The officer was a "trainee and was not authorized to function as a[n] officer with proper certification." ECF Doc. 7 at 5. According to an FDOC rule, an "officer who [is] in training [is] not authorized to manage inmates." *Id.* Although "Defendant J.K. Smith was not present in the dorm" (ECF Doc. 1 at 5), he was the officer authorized to function as the officer managing the dorm" (ECF Doc. 7 at 5). "Defendant J.K. Smith allowed an uncertified officer whom he was training to manage the dorm" in violation of the FDOC rule. ECF Doc. 1 at 5.

Other inmates housed in cells next to Plaintiff's were also attacked, but were able to get away and "alert[] officials including J.K. Smith."[2] ECF Doc. 7 at 5. Twenty minutes passed before the prison officials arrived on the scene of the incident and when they arrived the attacker fled. *Id.* Plaintiff has suffered severe injuries due to this attack and has had to receive medical attention for his wounds. *Id.*

Plaintiff claims that Defendants disregard for his safety violated the Eighth Amendment. *Id.* at 7. According to Plaintiff, Sergeant J.K. Smith's actions amounted to cruel and unusual punishment when he "neglected to adhere to the rule that govern[s] his authority as a senior correctional official, which resulted in serious

---

[2] Plaintiff attached a statement written by one of the other inmates that was attacked during this incident. Although, affidavits are not yet appropriate, reading Plaintiff's complaint liberally, the Court will treat this attachment as such.

bodily injuries." *Id.*  Plaintiff alleges "FDOC Secretary is responsible for training officials but failed significantly."  ECF Doc. 1 at 7.

As relief, Plaintiff seeks a jury trial, compensatory damages of $100,000 and $300,000 in punitive damages.  ECF Doc. 7 at 7.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental employees, the Court has an obligation to review the complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(a), (b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by a person acting under the color of state law.  *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam).  Dismissals for failure to state a claim under § 1915A are generally governed by the same standard as dismissals under the Federal Rules of Civil Procedure.  In screening the complaint, the Court reads Plaintiff's pro se allegations in a liberal fashion.  *See Haines v. Kerner*, 404 U.S. 519 (1972).

## III. DISCUSSION

The Eleventh Circuit has consistently held that Florida's 4-year statute of limitations for personal injury actions, Fla. Stat. § 95.11(3), governs federal § 1983 claims brought in Florida. *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002) ("[s]ection 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"); *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) ( "[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries"); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. [§] 1983"). The statute of limitations begins to run when the plaintiff either knows or should know (1) that he has suffered the injury that forms the basis of his complaint; and (2) who has inflicted the injury. *See Chappell*, 340 F.3d at 1283.

According to Plaintiff, the stabbing incident at issue occurred on February 4, 2017. Plaintiff, however, did not file this action until at least October 11, 2021[3],

---

[3] The complaint is not dated or signed by Plaintiff as it is required to be, nor does it contain a date stamp indicting when Plaintiff placed it in the hands of prison mail officials. However, the complaint was accompanied by a motion to proceed in *forma pauperis*, which includes a prisoner consent form signed by Plaintiff on October 1, 2021, and a grievance completed by Plaintiff on October 2, 2021, requesting a copy of his inmate account statement, and a copy of the requested statement dated October 11, 2021. The complaint and the motion were received by the clerk of

more than four (4) years later. There can be no doubt that Plaintiff suffered an injury, if at all, at the time of the stabbing. *See Burt v. Martin*, 193 F. App'x 829, 830 (11th Cir. 2006) ("Burt alleged that the violations of his Eighth Amendment rights took place in July 1997, which would also be when he learned of the injury for purposes of beginning the running of the statute of limitations"). In other words, the facts giving rise to a cause of action were known or should have been known to Plaintiff on February 4, 2017. Indeed, the complaint does not disclose any facts that would support tolling the statute of limitations. *See Joseph v. State Mut. Life Ins. Co. of America*, 196 F. App'x 760, 761 (11th Cir. 2006) (affirming dismissal upon screening because, "[i]n the absence of an applicable toll," plaintiff's claim was time-barred).

Thus, Plaintiff's claims are barred by the applicable statute of limitations and should be dismissed. A complaint is subject to dismissal "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *WILLIAM TED HOLLIDAY, Plaintiff, v. MARK S. INCH, et al., Defendants.*, No. 3:19CV4945/RV/EMT, 2021 WL 4993958, at *2 (N.D. Fla. Oct. 12, 2021), *report and recommendation adopted sub nom. Holliday v. Inch*, No. 3:19CV4945/RV/EMT, 2021 WL 4990822 (N.D. Fla. Oct. 26, 2021), *citing Douglas*

---

this Court on October 20, 2021 and docketed the same day. Given the date of the account statement, the earliest Plaintiff could have put the complaint in the hands of prison officials for mailing was October 11, 2021.

*v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (internal quotation marks omitted). The statute of limitations is an affirmative defense. *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.") (citation omitted).

As the Eleventh Circuit has stated, where "it appear[s] beyond a doubt from the complaint itself that [the indigent plaintiff] can prove no set of facts which would avoid a statute of limitations bar," the case should be dismissed prior to service. *See Burt*, 193 F. App'x at 830 (dismissing prisoner's action pre-service as barred by the statute of limitations) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)); *Cooley v. Ocwen Loan Servicing, LLC*, 729 F. App'x 677, 681 (11th Cir. 2018) (affirming dismissal of indigent plaintiff's claim under frivolity analysis as barred by the statute of limitations).

## IV.  CONCLUSION

Although the Court should generally not dismiss a case without allowing the Plaintiff an opportunity to amend, the undersigned finds that the defects in the complaint are simply incurable and leave to further amend would be futile. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so"). Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to respond

Case No. 3:21cv1655-MCR-HTC

prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action sua sponte, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by the statute of limitations.

2.  That the clerk be directed to close the file.

Done in Pensacola, Florida, this 21st day of December 2021.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon

all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.